UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL A. RAMET, | Case No. 3:14-cv-00452-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| ROBERT LeGRANDE, et al., | |
| Respondents. | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

Petitioner's application to proceed *in forma pauperis* establishes that the petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition. The petition will be ordered filed.

Petitioner has filed a motion for the appointment of counsel. (Dkt. no. 1-1.) Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited

education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petition submitted in this action includes many claims, the contents of which suggest that it may be a relatively complex petition. Petitioner is serving a sentence of life without the possibility of parole for first degree murder. In the interests of justice, the Court grants petitioner's motion for the appointment of counsel.

Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter and appeals therefrom, unless allowed to withdraw.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (dkt. no. 1) is granted. Petitioner shall not be required to pay a filing fee to file his habeas corpus petition. The habeas corpus petition shall be filed by the Clerk of Court.

It is further ordered that petitioner's motion for the appointment of counsel (dkt. no. 1-2) is granted. The Federal Public Defender is appointed to represent petitioner.

It is further ordered that the Clerk of Court shall electronically serve the Federal Public Defender for the District of Nevada (FPD) a copy of this order, together with a copy of the petition for writ of habeas corpus and its attachments. The FPD shall have thirty (30) days from the date of entry of this order to undertake direct representation of petitioner or to indicate to the Court its inability to represent petitioner in these proceedings.

It is further ordered that the Clerk of Court shall send a copy of this order to the CJA Coordinator.

///

///

///

1 It is further ordered that, after counsel has appeared for petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition.

DATED THIS 8th day of December 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE