UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL A. RAMET, | Case No. 3:14-cv-00452-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| ROBERT LeGRANDE, et. al, | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Daniel A. Ramet, a Nevada prisoner. On October 2, 2015, respondents filed a motion to dismiss arguing that Ramet has not exhausted state court remedies for certain claims in his petition, that one of his claims does not meet habeas pleading standards, and that one of his claims is not cognizable in a federal habeas proceeding. (ECF No. 20.) Ramet has filed his opposition to the motion and his own motion asking the court for an evidentiary hearing in support of that opposition. (ECF Nos. 23, 24.) This order decides both motions.

**I.    PROCEDURAL BACKGROUND**[1]

On June 4, 2007, a jury in the state district court for Clark County, Nevada, found Ramet guilty of first degree murder. After a sentencing hearing the following day, the jury imposed a sentence of life without possibility of parole. The court entered a judgment of conviction on August 31, 2007. Ramet appealed.

---

[1] This procedural background is derived from the exhibits filed under ECF Nos. 10-14 and this Court's own docket.

On June 4, 2009, the Nevada Supreme Court affirmed the conviction in an opinion that discussed in detail only one of Ramet's claims of error, that being his claim that testimony concerning his refusal to consent to a search of his home, coupled with the prosecutor's reference to it in closing argument, violated his Fourth Amendment rights. The Nevada Supreme Court found any error in admission of that evidence harmless, and it summarily denied the remainder of Ramet's claims in a footnote.

On December 11, 2009, Ramet filed a proper person state habeas petition, which the state district court ultimately denied without appointing counsel to represent Ramet. The Nevada Supreme Court reversed the district court, finding the state district court erred in failing to appoint counsel, and remanded to the district court for further proceedings. Appointed counsel filed a supplemental petition. The state district court held an evidentiary hearing and subsequently denied the petition. Ramet appealed. On July 22, 2014, the Nevada Supreme Court affirmed the denial of relief.

On August 28, 2014, this Court received Ramet's federal habeas petition. With the assistance of appointed counsel, Ramet filed an amended petition on May 11, 2015.

## II.     EXHAUSTION

Respondents argue Ramet has failed to exhaust state court remedies for Claims 2, 3, 4, 5, 6 and 10 of his amended petition. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir.1981).

///

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

### A.  Claim 2

In Claim 2, Ramet alleges that he was provided ineffective assistance of counsel (IAC), in violation of his rights under the Sixth and Fourteenth Amendment, because trial counsel failed to accurately advise him of the consequences of going to trial. Respondents contend the claim is unexhausted because, in state court, Ramet alleged that counsel was ineffective for discouraging him from accepting the State's plea offer, which, according to respondents, is a different theory. Respondents also argue that Ramet has added new factual allegations in his federal petition that were not presented to the state court.

While there are differences, the claim Ramet presented to the Nevada Supreme Court is the "substantial equivalent" of the claim he now presents to this Court. *See Picard*, 404 U.S. at 278. That is, comparing the relevant portion of the brief Ramet filed

in the Nevada Supreme Court (ECF No. 14 at 13-23) with Claim 2 shows that the legal theory and supporting factual allegations in each are essentially the same. In addition, any new factual allegations included in Ramet's federal petition did not so fundamentally alter the legal claim already considered by the state courts as to render it unexhausted. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986) (petitioner's new evidence regarding brain damage did not fundamentally alter legal claim where petitioner had provided the state court with a neuropsychological expert's initial analysis regarding his brain damage).[2]

Claim 2 is exhausted.

**B.     Claim 3**

In Claim 3, Ramet alleges that he did not knowingly or voluntarily waive his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and the admission of his involuntary confession violated his Fifth and Fourteenth Amendment rights. Respondents argue that Ramet has added new facts to his claim in federal court that were not included in his state court claim. Here again, this Court concludes that any additional facts in Ramet's federal petition did not fundamentally alter the claim presented to the state court.

Claim 3 is exhausted.

**C.     Claim 4**

In Claim 4, Ramet alleges that the police failed to honor his invocation of his right to remain silent, in violation of his Fifth, Sixth, and Fourteenth Amendment rights, and that trial and direct appeal counsel were ineffective for failing to raise this claim, in violation of his Sixth and Fourteenth Amendment rights. Ramet concedes that he has not presented this claim to the Nevada courts, but argues that the claim is technically exhausted because a state court remedy is no longer available. He further argues that

///

---

[2]This Court rejects respondents' argument that *Vasquez* is no longer good law in light of *Cullen v. Pinholster*, 563 U.S. 170 (2011). *Pinholster* limits this court's review of claims adjudicated on the merits in state court to the record that was before the state court. 563 U.S. at 181. It does not speak, however, to whether newly-presented factual allegations in a federal habeas claim render it unexhausted.

he can overcome any procedural default of the claim because his post-conviction counsel was ineffective in failing to present the claim in that proceeding.

This Court agrees that if Ramet were to present Claim 4 to the Nevada courts it would be subject to state procedural bars such as Nev. Rev. Stat. §§ 34.726 and 34.810, which impose time and successiveness limits, respectively.[3] The Supreme Court has recognized that if state-court remedies are no longer available because the prisoner failed to comply with procedural requirements for presenting his claim, those remedies are technically exhausted, but the claim is then subject to the doctrine of procedural default. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 744-51 (1991) and *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

"A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012) (citing *Coleman*, 501 U.S. at 750)). In *Martinez*, the Supreme Court held that, in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial, ineffective assistance of post-conviction counsel in that proceeding may establish cause for a prisoner's procedural default of such a claim. *Martinez*, 132 S. Ct. at 1315. The Court stressed that its holding was a "narrow exception" to the rule in *Coleman* that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id.* In *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), the Ninth Circuit expanded *Martinez* to allow ineffective assistance of post-conviction counsel to be used as a means to excuse the default of claims of ineffective assistance of appellate counsel. *Nguyen*, 736 F.3d at 1295.

---

[3]Under Nev. Rev. Stat. § 34.726(1), a petition is untimely if filed later than one year after the entry of the judgment of conviction or, if an appeal has been taken from the judgment, within one year after the Nevada Supreme Court issues its remittitur. Nev. Rev. Stat. § 34.810 addresses successive petitions and requires dismissal of claims that have already been raised and adjudicated on the merits, as well as claims that could have been raised in an earlier proceeding, but were not.

To the extent he seeks to excuse the default of alleged constitutional violations arising from police conduct, Ramet's *Martinez* argument is a non-starter in that he is seeking to excuse the default of a non-IAC claim. *Martinez* applies only to ineffective assistance of trial or, under *Nguyen*, appellate counsel. It has not been expanded to other types of claims. *Pizzuto v. Ramirez*, 783 F.3d 1171, 1177 (9th Cir. 2015) (explaining that the Ninth Circuit has "not allowed petitioners to substantially expand the scope of *Martinez* beyond the circumstances present in *Martinez*"); *Hunton v. Sinclair*, 732 F.3d 1124, 1126–27 (9th Cir. 2013) (denying petitioner's claim that *Martinez* permitted the resuscitation of a procedurally defaulted *Brady* claim, holding that only the Supreme Court could expand the application of *Martinez* to other areas).

With respect to the trial and appellate IAC claims in Claim 4, Ramet must show not only post-conviction counsel's ineffectiveness but also "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S.Ct. at 1318-19. Because these determinations are intertwined with the ultimate merit of Claim 4, the Court will defer ruling on the cause and prejudice issue until the merits of the claim are briefed in respondents' answer and petitioner's reply brief.

### D.     Claim 5

In Claim 5, Ramet contends that the State failed to prove the victim's death was the result of criminal agency, in violation of his rights under the Fourth and Fourteenth Amendments. Respondents argue the claim is unexhausted because it includes an allegation that was not part of Ramet's state court presentation of the claim — i.e., that the jury was never instructed that the State had to prove *corpus delicti* beyond a reasonable doubt. In context, however, this allegation is not intended as an additional claim of error, but instead, merely to highlight the likelihood that the jury was unaware of the *corpus delicti* element. (ECF No. 9 at 39.) Because it does not fundamentally alter the claim Ramet presented to the Nevada Supreme Court, the allegation does not render Claim 5 unexhausted.

Claim 5 is exhausted.

### E. Claim 6

In Claim 6, Ramet alleges that trial counsel was ineffective, in violation of his Sixth and Fourteenth Amendment rights, for failing to request an instruction that the State was required to prove *corpus delecti* beyond a reasonable doubt. Ramet makes the same technical exhaustion/*Martinez* argument for Claim 6 that he makes for Claim 4. Here again, the Court will defer ruling on the cause and prejudice issue until the merits of the claim are briefed in respondents' answer and petitioner's reply brief.

### F. Claim 10

In Claim 10, Ramet alleges that the cumulative effect of the constitutional errors deprived him of due process, in violation of his rights under the Fourteenth Amendment. Ramet concedes he has not presented a cumulative error claim to the Nevada Supreme Court, but argues that this Court must nonetheless conduct a cumulative error analysis.

The Ninth Circuit has held that a claim of cumulative error was not exhausted where "cumulative error was not labeled as an issue in the [state court] brief's table of contents and the petitioner did not argue cumulative error or cite any authority on cumulative error." *Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008). While this Court agrees that, under certain circumstances, it may be appropriate to consider the cumulative prejudicial impact of multiple errors, none of the cases Ramet cites stands for the proposition that his cumulative error claim is exempt from the exhaustion requirement.

Ground 10 is unexhausted.

## III.  COGNIZABILITY

Respondents contend that Claim 5 of Ramet's amended petition is not cognizable in a federal habeas proceeding. A petitioner in an action filed under 28 U.S.C. § 2254(a) is only entitled to relief "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." "[I]t is not the province of a

///

federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

With respect to Claim 5, respondents argue that the *corpus delicti* rule is not grounded in the U.S. Constitution and, instead, is strictly a creature of state law. Under Nevada law, "[t]he *corpus delicti* of a crime must be proven independently of the defendant's extrajudicial admissions." *Doyle v. State*, 921 P.2d 901, 910 (Nev. 1996), *overruled on other grounds by Kaczmarek v. State*, 91 P.3d 16, 29 (Nev. 2004). Ramet's response to respondents' argument is that, although proof of *corpus delicti* is a state law requirement, the requirement that the State prove *all* elements of a crime is a matter of federal due process.

This Court concludes that Claim 5 presents a federal issue under *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Jackson*, 443 U.S. at 324 (holding that a petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt" and that "the standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law."). Thus, the claim is cognizable in a federal habeas proceeding.

### IV. HABEAS PLEADING STANDARD

Respondents argue that Claim 7 of Ramet's amended petition fails to meet the pleading standard applicable to federal habeas petitions. The Supreme Court discussed those pleading requirements as follows:

> Habeas Corpus Rule 2(c) . . . provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 (" '[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)).

*Mayle v. Felix*, 545 U.S. 644, 655 (2005)

8

In Claim 7, Ramet alleges that trial counsel was ineffective, in violation of his Sixth and Fourteenth Amendment rights, for failing to adequately investigate his mental health and failing to adequately present this issue to the jury. Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must satisfy two prongs to obtain habeas relief — deficient performance by counsel and prejudice. 466 U.S. at 687. With respect to the performance prong, a petitioner must carry the burden of demonstrating that his counsel's performance was so deficient that it fell below an "objective standard of reasonableness." *Id.* at 688. In assessing prejudice, the court "must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent [counsel's] errors." *Id.* at 696.

Respondents argue that Claim 7 fails to meet the federal habeas pleading standard because it fails to specify what a mental health expert would have testified to at trial. According to respondents, the absence of allegations on this point means that Ramet has not alleged facts that, if proven to be true, would satisfy either prong of the *Strickland* standard. Respondents' argument in this regard goes to the merits of the claim. The Court reserves judgment as to the viability of Claim 7 and will address the claim in its final order on the merits of Ramet's remaining habeas claims.

## V.    MOTION FOR EVIDENTIARY HEARING

Ramet requests an evidentiary hearing to assist in demonstrating that post-conviction counsel was ineffective for the purpose of avoiding the procedural default of his IAC claims. As noted above, the Court will first address whether the underlying ineffective assistance of counsel claims are meritorious. Accordingly, Ramet's motion for an evidentiary hearing will be denied without prejudice.

## VI.    CONCLUSION

Based on the foregoing, it is ordered that respondents' motion to dismiss (ECF No. 20) is granted in part and denied in part. The Court dismisses, as procedurally defaulted, claims for relief in Claim 4 that are not premised on ineffective assistance of

counsel. The IAC claims in Claim 4 and 6 are also procedurally defaulted. The Court reserves judgment as to whether petitioner can demonstrate cause and prejudice to overcome the default of those claims.

Claim 10 is unexhausted. Petitioner will have twenty (20) days to inform this Court in a sworn declaration that he wishes to formally and forever abandon this ground for relief and proceed on the exhausted grounds. If petitioner fails to respond to this order within the time permitted, this case may be dismissed pursuant to *Rose v. Lundy*.

It is further ordered that respondents will have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.

It is further ordered that petitioner will have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that respondents' motion for an evidentiary hearing (ECF No. 24) is denied.

Dated this 12th day of September 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE